

# THE ATTORNEY GENERAL

## OF TEXAS

### AUSTIN 11, TEXAS

PRICE DANIEL
ATTORNEY GENERAL

December 13, 1950.

Hon. Allan Shivers
Governor of Texas
Austin, Texas

Dear Governor Shivers:

Opinion No. V-1132.

Re: Constitutionality of that
part of Article 118d, Sec-
tion 2, V.C.S., providing
for the filling of vacan-
cies in the Texas Citrus
Commission.

You have requested the opinion of this office,
as follows:

"The Texas Citrus Commission was created
by House Bill 29, Acts of the Fifty-first Leg-
islature. In Section 2 the qualifications of
commission members are set forth and the Gov-
ernor is designated as the appointing author-
ity.

"In the same section, the statute states
that vacancies shall be filled by a quorum of
the remaining members of the Texas Citrus Com-
mission for the balance of the unexpired term
of the member whose office is vacated.

"I would like your opinion as to whether
this particular portion of House Bill 29 is
constitutional."

The provision you refer to is from Section 2
of Article 118d, V.C.S., and reads, in part, as follows:

". . . The Governor of the State of Texas
shall appoint men with the qualifications stated
above to be members of said Commission, by and
with the advice and consent of the Senate. . . .
Thereafter, the term of office of each appointee
shall be for six (6) years and until their suc-
cessors are appointed and qualify. Vacancies
shall be filled by appointment by a quorum of
the remaining members of the Texas Citrus Com-
mission for the balance of the unexpired term
of the member whose office is vacated. . . ."
(Emphasis added throughout this opinion.)

The provision of the Constitution of Texas pertinent to filling vacancies in State offices, of which the members of the Texas Citrus Commission are unquestioned examples, is Article IV, Section 12, and it reads, in part, as follows:

"All vacancies in State or district offices, except members of the Legislature, shall be filled unless otherwise provided by law, by appointment of the Governor, . . ."

The Legislature, in the case of the Texas Citrus Commission, has provided that vacancies occurring therein shall be filled otherwise than by appointment of the Governor. Provision for such legislative expression is clearly found in the constitutional section just recited, which constitutes unambiguous constitutional authority for the provision concerning the Texas Citrus Commission here in question.

A clear enunciation of the rule as to statutes of the character under consideration here is found in 67 C.J.S. 215, Officers, Sec. 52, as follows:

"A constitutional provision that, when an office becomes vacant, the governor, unless otherwise provided by law, shall appoint a person to fill the vacancy, who shall continue in office until a successor has been elected or appointed, and has legally qualified, was intended merely to prevent vacancies in office, and to provide a method for filling them when no other provision is made by law; and thus it does not prevent the legislature from declaring how a vacancy shall be filled. . . ."

The foregoing expression is supported by the case of State v. Herring, 208 Mo. 708, 106 S.W. 984, 988 (1907), wherein the following language is found:

"The General Assembly 'may take the appointing power from the Governor, and the power of filling vacancies in such cases may be conferred on others than the executive. In the exercise of the power to create offices, they may declare when they are vacant and who shall fill the vacancies.'"

A very clear analogy is also found in the case of <u>People v. Nye</u>, 9 Cal. App. 148, 98 Pac. 241, 244 (1908), in which the Court held:

". . . Nor is there any express provision in the Constitution applicable to the case at bar providing for the appointment of a controller in case of a vacancy. It is true that the Constitution provides in section 8, art. 5, as we have seen, for the appointment to fill a vacancy when no mode is provided 'by the Constitution and law.' <u>But this is inoperative here, for the reason that a mode has been provided by law for filling a vacancy</u>. When the Constitution speaks of a mode provided by 'the Constitution and law' it obviously means 'the Constitution or law.' Of course the law must be in harmony with the Constitution; in other words, not opposed to any of its provisions. <u>But we can see nothing that precludes the Legislature from specifying what shall constitute a vacancy in any of the offices for which no provision is made in the Constitution, and providing how it shall be filled.</u> It is true that the provisions of the Constitution are 'mandatory and prohibitory' (article 1, §22), but it is a familiar principle that the organic law provides simply a limitation upon the power of the Legislature, which otherwise is supreme. There is no mandate nor prohibition, as we view it, in the Constitution that bars the right and authority of the Legislature to provide for the contingencies we have suggested. The people, therefore, through the lawmaking department of the government, have the right to exercise this privilege, which they have not surrendered. 'The declaration in article 4, §1, of the Constitution, "The legislative power of this state shall be vested in a Senate and Assembly, which shall be designated the Legislature of the state of California,"' comprehends the exercise of all the sovereign authority of the state in matters which are properly the subject of legislation; and it is incumbent upon any one who will challenge an act of the Legislature as being invalid to show, either that such act is without the province of legislation, or that the particular

subject-matter of that act has been by the
Constitution, either by express provision
or by necessary implication, withdrawn by
the people from the consideration of the
Legislature. The presumption which attends
every act of the Legislature is that it is
within its power; and he who would exempt
it from the power must point out the par-
ticular provision of the Constitution by
which the exception is made, or demonstrate
that it is palpably excluded from any con-
sideration whatever by that body.' . . .
The legislation to which we have referred
is obviously within the province of the Leg-
islature, and it is not obnoxious to any
provision of the Constitution. . . ."

It appears that the Constitution of Texas au-
thorizes the Legislature to provide the mode for fill-
ing vacancies in State offices where there is no other
constitutional mandate to the contrary. There is no
provision in the Constitution of Texas specifically
establishing a mode for filling vacancies in the Texas
Citrus Commission. It is, therefore, within the power
of the Legislature to provide the mode for filling va-
cancies in the Texas Citrus Commission. The fact that
the Legislature has provided that such vacancies shall
be filled by a quorum of the remaining members of the
Commission does not vitiate the proposed procedure with-
in the comprehension of any other provision of the Con-
stitution of Texas.

### SUMMARY

Article 118d, Section 2, V.C.S., pro-
viding for the filling of vacancies in the
Texas Citrus Commission by appointment by
a quorum of the remaining Commission members
is in harmony with the provisions of Article
IV, Section 12, of the Constitution of Texas
and is constitutional.

APPROVED:

Ned McDaniel
State Affairs Division

Everett Hutchinson
Executive Assistant

Charles D. Mathews
First Assistant

Yours very truly,

PRICE DANIEL
Attorney General

By Dean J. Capp
Dean J. Capp
Assistant

DJC:jmc